PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ALBERTO RESTO, Defendant and Appellant.

No. 7343.   Argued January 20, 1939.—Decided February 25, 1939.

C. H. Juliá, for appellant.   R. A. Gómez, Prosecuting Attorney, for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

The District Court of Bayamón sentenced Andrés Resto to serve a term of four years in prison for voluntary manslaughter committed on the person of Juan Burgos on January 29, 1938 in the municipality of Guaynabo.

It appears from the evidence that on said date a few friends were gathered in Marcela Feliciano's house in the ward of Guaraguao, of Guaynabo.   They were playing guitar and singing.   About midnight Juan Burgos entered the house carrying a knife in his hand.   When he came in in that man-

ner, Cecilio Guerra, who was also at the party, threw himself on Burgos to take the knife away from him, with the sole intention of keeping Burgos from wounding someone with the knife. The two men were struggling, one to take the knife away from the other and the other not to give it up. They neither used offensive language to each other nor did they in any manner manifest an intention to assault one another. While they were struggling defendant, who was also at the party, fired two shots with his revolver at Burgos, according to some witnesses before the latter was disarmed, and according to others after the knife had been taken away from him. He wounded deceased with one shot in the back and with the other in the arm, and immediately fled without giving up the revolver. Juan Burgos died a few days later as a consequence of the wounds. All the evidence proves clearly that the deceased, as he entered the house with the knife raised, did not use insulting language nor threats to anybody, and that the only thing that he did was to try to keep Cecilio Guerra from taking the knife away from him A witness for the District Attorney, on insistent cross-examination, testified that Burgos may have drunk some liquor but that he showed no sign of being intoxicated. Defendant did not offer any evidence whatsoever, basing his case on the evidence presented by the District Attorney.

The jury brought in a verdict of guilty, on which the sentence is based, of which defendant entered this appeal.

In his brief before this Court defendant alleges that the lower court committed two errors, to wit:

"1. The lower court committed error in summing up the evidence.

"2. The lower court committed error in refusing to convey the special instructions requested as to self-defense, defense of a third person and real and apparent danger."

■ The summary of the evidence made by the Judge to the jury and which the appellant alleges is erroneous, appears

on page 30 of the transcript of the evidence, and its relevant part, literally copied, states as follows:

"It is the theory of the District Attorney that in this case, on January 29, 1938, and while a party was being held in the ward of Guaraguao of the municipality of Guaynabo, Juan Burgos came in carrying a knife in his hand. That one of the persons who was there present, named Cecilio Guerra, tried to take the knife away from Burgos in a friendly manner. That they struggled for the weapon and during the struggle the weapon broke and fell; that then, after the weapon had been taken away from Burgos, defendant, Alberto Resto, wilfully made use of his revolver and shot Juan Burgos, etc."

The summary of the evidence which the judge made is not in conflict with the evidence presented to the jury. It is true that none of the witnesses used the words "friendly manner" in describing the manner of Cecilio Guerra and the deceased when they struggled for the possession of the weapon, but it is also certain that all the witnesses agree that Cecilio Guerra and Burgos were not fighting: it was the kind of struggle which might have taken place between two friends where one is trying to keep the other from incurring a risk. In our opinion the Judge, in using the words "friendly manner", correctly described the state of mind of the two men who struggled for the possession of the knife.

In discussing this alleged error the appellant complains that the judge in his instructions to the jury said that the accused had fired against the deceased after the latter had been disarmed. In truth, only one witnes testified to this effect. The rest testified that the shots, or at least the first of the shots, were fired while the two men struggled. Nevertheless, the only exceptions that the accused took to the instructions of the Court were as follows:

"We take exception to the instruction regarding the summary of the evidence, and we take exception to the refusal of the Court to give the special instructions requested."

If defendant had been more explicit in his exceptions to the summary of the evidence made by the Judge, and if he had alleged his error more specifically, we feel sure that the judge would have amended his instruction or at least would have warned the jury against any possible error in his summing up of the evidence, instructing them, as it is recommendable to do in any case, that if there was any discrepancy between their appreciation of the evidence and the summary of the same made by the Court, the conclusion reached by them should always prevail, the weighing of the evidence being exclusively up to the jury and not to the court. Furthermore, the jury heard the testimony of all the witnesses and were well able to see that all of them, except one, testified that the shots were fired while the men were struggling. *People* v. *Díaz*, 19 P.R.R. 497. We do not believe that this statement of the Court influenced the minds of the jury, in a manner prejudicial to the defendant, notwithstanding the fact that whether or not they were struggling when the shots were fired should not have affected the conclusion reached by the jury, as even in that case the accused would not have been justified in firing against deceased.

In our opinion, the first alleged error, even if it existed, is not such a prejudicial error as to call for a reversal of the judgment appealed from.

█ It does not appear from the record that the accused requested instructions on self-defense; but we may fairly assume that he did request them, since if that had not been so, the defense would not have taken exception to the ruling of the Court refusing to give the special instructions which they alleged they requested. From this premise, however, the inevitable conclusion is that the Court did not commit the second alleged error as the evidence does not justify instructions on self-defense. At no moment was the life of the accused or of any other person there present in real or apparent danger. The fact that a man armed with a knife enters a house where other men are gathered, without affronting or

threatening anyone, does not justify the taking of his life merely because one of the men there gathered struggles with him to disarm him.

As the second and last of the alleged errors does not exist, the appeal should be dismissed and the judgment appealed from affirmed.